**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Barten, a married man, | No. CIV 12-399-TUC-CKJ (LAB) |
| Plaintiff, | **ORDER** |
| vs. | |
| State Farm Mutual Automobile Insurance Company, a foreign corporation doing business in Arizona, | |
| Defendant. | |

Pending before the court is the defendant's motion for a protective order pursuant to Fed.R.Civ.P. 26(c), filed on July 5, 2013. (Doc. 251)

Also pending is a motion for leave to file exhibits under seal in support of the motion for a protective order. (Doc. 252)

The plaintiff in this action, Bryan Barten, was covered by a personal injury protection (PIP) policy issued by the defendant, State Farm, when he was involved in an automobile accident and rendered a quadriplegic.  Barten claims State Farm breached this policy by failing to pay benefits due and failing to inform him of the extent of his benefits.

State Farm moves pursuant to Fed.R.Civ.P. 26(c) "for entry of a protective order precluding discovery of information and documents pertaining to the Michigan Auto Advancing Claims Excellence ("ACE") program . . . beyond the documents and information State Farm has already produced."  (Doc. 251, p. 1)  In support of its motion, it moves for

1  permission to file under seal for this court's consideration some of these ACE documents.
2  (Doc. 252)

3  The case has been referred to Magistrate Judge Bowman for all pretrial matters
4  pursuant to the local Rules of Practice.  LRCiv 72.2.  The court finds this motion suitable for
5  decision without oral argument.

### Discussion

8  Pursuant to Rule 26(c)(1)(A), "[t]he court may, for good cause, issue an order to
9  protect a party or person from annoyance, embarrassment, oppression, or undue burden or
10 expense . . . forbidding the disclosure or discovery. . . ." Fed.R.Civ.P.

11 "For good cause to exist, the party seeking protection bears the burden of showing
12 specific prejudice or harm will result if no protective order is granted." *Phillips ex rel.*
13 *Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1211 (9th Cir. 2002). "If a
14 court finds particularized harm will result from disclosure of information to the public, then
15 it balances the public and private interests to decide whether a protective order is necessary."
16 *Id.* at 1211.  The court has broad discretion "to decide when a protective order is appropriate
17 and what degree of protection is required." *Id.*  In the pending motion, State Farm moves for
18 a protective order precluding additional disclosure of its ACE program.  (Doc. 251)

19 ACE was an internal analysis of State Farm's claims processing procedures, which
20 was conducted in the 1990s.  (Doc. 251)  State Farm moves for a protective order precluding
21 additional disclosure of the ACE program because the program was concluded long before
22 Barten's claims were processed.  Specifically, State Farm seeks protection from disclosure
23 required by Barten's third request for admissions, sixth request for production of documents,
24 seventh request for production of documents, and fourth set of requests for admission.  (Doc.
25 251, p. 5)

26 In the companion motion, State Farm moves for permission to file some of the ACE
27 documents under seal so the court may examine them.  (Doc. 252)

- 2 -

Barten argues among other things that the motion for a protective order is untimely. (Doc. 263, p. 4) The court agrees.

"A motion for a protective order is timely if made prior to the date set for producing the discovery." *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *see also* 8 Wright & Miller, *Federal Practice and Procedure* § 2035, at 151. "In determining timeliness, a court should consider all of the circumstances facing the parties." *Id*. "Thus, a failure to request a protective order prior to the time set for producing the discovery may be excused for good cause, such as lack of sufficient time or opportunity to obtain the order." *Id*.

In this case, Barton's discovery requests were filed in late February of 2013. (Doc. 263, p. 4) State Farm's responses were due by the end of March of 2013. *Id*. State Farm's pending motion for a protective order was filed more than three months later on July 5, 2013. It is untimely.

State Farm argues in its reply brief that its motion was somehow occasioned by this court's order filed on June 3, 2013. *See* (Doc. 229) The court does not see the connection.

In that order, the court granted in part Barten's motion to compel a response to his *second* request for production of documents. (Doc. 117) Specifically, the court ordered State Farm to comply with Barten's request for "[d]ocumentation of the programs since ACE in which the principles of ACE are included." (Doc. 229, p. 3)

There is nothing in that order that explains State Farm's failure to timely file the pending motion for a protective order. The order does not lift some sort of impediment to timely filing. It does not provide State Farm with information without which the motion could not be filed.

State Farm asserts that the parties may not agree on the scope of discovery necessitated by the June 3, 2013 order. And while that does appear to be the case, this is a separate issue from the one presented in State Farm's pending motion.

State Farm has not shown good cause to excuse its late filing. Accordingly,

1  IT IS ORDERED that the defendant's motion for a protective order pursuant to
2 Fed.R.Civ.P. 26(c), filed on July 5, 2013, is DENIED.  (Doc. 251)
3  IT IS FURTHER ordered that the defendant's motion for leave to file exhibits under
4 seal in support of the motion for a protective order, filed on July 5, 2013, is DENIED.  (Doc.
5 252)

7  DATED this 10th day of October, 2013.

*Leslie A. Bowman*
Leslie A. Bowman
United States Magistrate Judge

- 4 -