WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Barten,<br><br>           Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company,<br><br>           Defendant. | No. CV-12-00399-TUC-CKJ (LAB)<br><br>**ORDER** |

On October 11, 2013, Magistrate Judge Leslie A. Bowman issued an Order denying Defendant's Motion for a Protective Order pursuant to Fed.R.Civ.P. 26(c). (Doc. 296). Defendant filed Objections to Magistrate Judge Bowman's Order on October 25, 2013. (Doc. 303).

**LEGAL STANDARD**

After the filing of objections, the district court must modify or set aside any part of a non-dispositive Magistrate Judge's Order that is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

**MOTION FOR PROTECTIVE ORDER**

On July 5, 2013, Defendant filed a Motion for a Protective Order regarding information and documents pertaining to the Michigan Auto Advancing Claims Excellence ("ACE") Program. (Doc. 251). In response, Plaintiff argued that Defendant's

responses to the relevant discovery requests were due on March 26, 2013 and March 29, 2013 respectively. Since Defendant did not move for a protective order until July 5, 2013, its motion was untimely. (Doc. 263).

Magistrate Judge Bowman agreed with Plaintiff. Specifically, Magistrate Judge Bowman found that absent sufficient good cause shown, a motion for a protective order is untimely if it is requested after the deadline for producing discovery. Since Defendant's Motion was filed after the deadline for Defendant to respond to Plaintiff's Sixth and Seventh Requests for Production and Defendant had failed to show sufficient good cause for the late filing, it was untimely and denied.

**ANALYSIS**

A party opposing discovery has the option of objecting to producing the discovery or seeking a protective order. 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2035 (3d ed. 2013). As such, a party opposing discovery may choose to timely file objections and await a motion to compel production be filed by the opposing party. In the alternative, a party opposing discovery may proactively move for a protective order.

Fed.R.Civ.P. 26(c) governs the issuance of protective orders for all forms of discovery. *Id*. Pursuant to Rule 26(c), a party moving for a protective order "must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c).

Defendant notes that it timely served written objections to Plaintiff's written discovery requests. Then, Defendant and Plaintiff met and conferred regarding Defendant's objections. After the parties were unable to resolve this specific dispute, Defendant moved for a protective order. As such, Defendant argues that it acted in conformity with Rule 26(c) and Magistrate Judge Bowman's conclusion that its filing was untimely is clearly erroneous and contrary to law.

Rule 26(c) does not set out any time limits in which a motion for a protective order must be filed. *See* Fed.R.Civ.P. 26(c). However, the rule maintains an implicit condition that it be made timely. *Lexington Ins. Co. v. Swanson*, 2006 WL 3474185, *2 (W.D. Wash. 2006); *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 413 (M.D.N.C. 1991); *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 129 F.R.D. 483, 487 (D.N.J. 1990). "Under this line of authority, a motion for a protective order is timely if made prior to the date set for producing discovery." *Lexington Ins. Co. v. Swanson*, 2006 WL 3474185, *2 (W.D. Wash. 2006) quoting 6 *Moore's Federal Practice* at §26.102[2] (internal quotes omitted). "The failure to timely move for a protective order constitutes grounds for denying the same." *Brittain*, 136 F.R.D. at 413.

A failure to timely move for a protective order before the time set for "producing the discovery may be excused for good cause, such as a lack of sufficient time or opportunity to obtain the order." *Brittain v*, 136 F.R.D. at 413 *see also United States v. International Business Machines Corp.*,79 F.R.D. 412, 414 (S.D.N.Y. 1978) ("ordinarily the [protective] order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later, but it may be that this rule will not be applied if there was no opportunity to move for a protective order."). However, "absent extraordinary circumstances, the outside limit within which a motion for a protective order for written discovery may be made is the time set for the response to a motion to compel written discovery." *Lexington Ins. Co. v. Swanson*, 2006 WL 3474185, *2 (W.D. Wash. 2006).

Defendant argues that requiring parties to move for a protective order before the deadline to respond to written discovery would eliminate the parties' ability to meet and confer. However, this argument is without merit. There is nothing preventing the parties from meeting and conferring during the initial thirty (30) days that the party opposing discovery has to respond or object. *See* Fed.R.Civ.P. 34(b)(2)(A). Further, assuming the parties need additional time to meet and confer before a decision can be made as to whether to file objections or move for a protective order, the parties may stipulate to

extend the deadline to respond to specific discovery devices.[1] *See* Fed.R.Civ.P. 29(b).

Defendant further argues that Magistrate Judge Bowman improperly relied on a rule addressing depositions when she determined that a motion for a protective order must be filed before the deadline to respond to the discovery. However, the cases cited by Magistrate Judge Bowman and this Court, which address this issue, all analyzed protective orders related to written discovery requests. *See Lexington Ins. Co. v. Swanson*, 2006 WL 3474185, *2 (W.D. Wash. 2006); *Brittain*, 136 F.R.D. at 413 (expressly rejecting the argument that there is a dichotomy between the timeliness of protective orders for oral depositions and written discovery); *Nestle Foods Corp.*, 129 F.R.D. 483 at 487; *International Business Machines Corp.*, 79 F.R.D. at 414.

Moreover, Defendant's conclusion that Magistrate Judge Bowman's order insists on the filing of a motion for a protective order in addition to objections before the deadline for discovery responses is illusory. Magistrate Judge Bowman's Order contains no such requirement. It only recites a judicially created deadline to file a motion for a protective order that has been applied in courts throughout the country including the Ninth Circuit. As such, it is not contrary to law.

Further, as noted earlier, a party opposing discovery may file objections or seek a protective order. *See* 8A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> §2035 (3d ed. 2013). There is no requirement in Magistrate Judge Bowman's Order that requires a party to do both as suggested by Defendant. Further, there is nothing contained in Magistrate Judge Bowman's Order that suggests Defendant's timely objections to Plaintiff's discovery requests have been waived due to its failure to timely move for a protective order.

---

[1] A party's failure to timely move for a protective order may be excused if the party lacks sufficient time or opportunity to seek the protective order. *See Brittain*, 136 F.R.D. at 413. Such an extension may be appropriate if counsel are unable to meet and confer prior to the deadline to respond to the discovery and opposing counsel refuses to stipulate to an extension of time sufficient to afford the parties an opportunity to meet and confer prior to the deadline to respond to the discovery. In this situation, the party opposing discovery would not have an opportunity to comply with Rule 26(c) and meet and confer with opposing counsel prior to filing a motion for a protective order until after the deadline to respond to the discovery had passed.

Finally, Magistrate Judge Bowman concluded that Defendant failed to establish good cause to excuse its late filing.  Defendant argues that it was attempting to meet and confer with Plaintiff during that time period in accordance with Rule 26(c).  However, Defendant apparently made no attempts to extend the deadline to respond to discovery in order to provide it with additional time to meet and confer with Plaintiff.  Additionally, Defendant waited more than three months after discovery was due before moving for a protective order.  As such, Magistrate Judge Bowman's conclusion that Defendant failed to show sufficient good cause was not clearly erroneous.

Accordingly, IT IS ORDERED:

1. Defendant's Objections to Magistrate Judge's Order Denying Motion for Protective Order Re Information and Documents Pertaining to the Michigan Auto Advancing Claims Excellence ("ACE") Program are OVERRULED.  (Doc. 303).

Dated this 30th day of January, 2014.

_____
Cindy K. Jorgenson
United States District Judge