**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Barten, a married man,<br><br>   Plaintiff,<br><br>v.<br><br>State Farm Mutual Automobile Insurance Company, a foreign corporation doing business in Arizona,<br><br>   Defendant. | No. CV-12-0399-TUC-CKJ<br><br>**ORDER** |

     This case has been referred to Magistrate Judge Leslie A. Bowman for all pretrial matters. On July 8, 2014 Magistrate Judge Bowman issued an Order denying Defendant State Farm's motion to reopen the deposition of Plaintiff Bryan Barten. (Doc. 362.) Defendant has filed objections to the Order. (Doc. 368.) Plaintiff responds and Defendant replies. (Docs. 379, 382.) In addition, on July 22, 2014 Magistrate Judge Bowman issued an Order regarding Plaintiff's Motion to Compel documents relating to his sixth and seventh requests for production, dated February 19 and February 22, 2013. (Doc. 367.) On July 28, 2014, Plaintiff filed his partial objection to the Order denying in part his motion to compel, and Defendant has responded. (Docs. 369, 378.)

     The Court will affirm the Order of the Magistrate Judge regarding re-opening of the deposition of Barten. The Court will also dismiss as moot the appeal of the Magistrate Judge's order regarding Plaintiff's Motion to Compel.

**I.     Denial of Re-opening of Barten's Deposition**

    **A.     Background**

Plaintiff Bryan Barten was covered by a personal injury protection (PIP) policy issued by Defendant, State Farm, when he was involved in an automobile accident in 1995 and rendered a quadriplegic. In this present action, Barten claims State Farm breached this policy by failing to pay benefits due and failing to inform him of the extent of his benefits. He claims that he was ignorant of certain benefits to which he was entitled—specifically attendant care benefits--and that State Farm took improper advantage by failing to explain the benefits. State Farm, on the other hand, claims that Barten had actual or constructive knowledge of the benefits based on communication with and representation by attorney George Sinas and that State Farm's claims representatives were aware of Sinas's April 1995 letter indicating that he was representing Barten as to any PIP benefits, believed Barten was aware of available benefits and would have considered that fact in handling the claim.

Barten testified at his deposition that Sinas represented him for only about a year after his April 1995 accident, that his father dealt with Sinas, and that Barten was not aware of what Sinas was doing for him and had no real communication with Sinas in that year, implying that Sinas did not advise him about the IPI benefits available. (Doc. 362 at 2; ref. Doc. 308 at 5-6.) Barten further testified that he did not seek legal representation from Sinas after 1996. (Doc. 362 at 2; ref. Doc. 308 at 7.)

State Farm seeks to reopen the deposition based on documents obtained from Sinas in response to a subpoena duces tecum and Order from the United States District Court for the Western District of Michigan. (Doc. 308.) Barten asserted attorney-client privilege as to some documents. (Doc. 308, Ex. 2, *Barten v. State Farm*, No. 1:13-mc-00027, (W.D.Mich. Oct. 30, 2013).) The district court ordered Sinas to produce non-privileged documents and to submit a privilege log for documents withheld on the basis of attorney-client or work-product privilege, and it reviewed withheld documents *in camera*. There was a representation agreement for a period of one year following the

accident. The district court noted that this is consistent with Barten's testimony at the deposition. (*Id.*, Ex. 2 at 3.) Apparently, there was no written agreement to extend the attorney-client relationship. (*Id.*) On February 11, 2006, Barten wrote directly to State Farm regarding reimbursement for a modified vehicle; the letter, which was copied to Sinas, stated "[u]pon advice of my attorney George T. Sinas, who cited cases . . . , I am requesting that State Farm" issue a check for a special needs vehicle. (*Id.*) Barten testified in his depositon that he did not consider Sinas his attorney at that time. According to the Michigan District Court, the privilege log shows communications between Sinas and Barten relating to Barten's claim in 2004 through 2008. (*Id*. at 3.)

### B.     Magistrate Judge's Order

State Farm moved to reopen Barten's deposition in order to inquire about Sinas's representation of Barten. (Doc. 308.) State Farm claimed that Barten falsely testified at his deposition "(1) that Sinas represented him for only about a year after his accident, (2) that he was not aware of what Sinas was doing for him during that first year, (3) that he was not involved with Sinas and had only limited contact with him during that year because his father was handling everything, and (4) that he had not spoken to Sinas since October 2005." (Doc. 362 at 2; ref. Doc. 320 at 1.)

On July 7, 2014, Magistrate Judge Bowman issued an Order denying the request to reopen the deposition, noting that the Rules of Civil Procedure require leave to reopen a deposition. Fed. R. Civ. P. 30(a)(2)(A)(ii). A court must limit such discovery if

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(2)(C). A court may exercise discretion in deciding a motion to reopen a deposition. *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996).

The Order reasoned that inconsistent or contradictory testimony is not enough by itself to justify reopening a deposition. (Doc. 362 at 3.) It also observed that this is

- 3 -

1 especially true where the testimony in question occurs at the beginning of the discovery. (*Id*. at 4.) The magistrate judge found that State Farm chose to depose Barten in November of 2012, before conducting any other discovery in this case and that it now wants "to question [Barten] about these newly discovered documents, the real scope of Sinas's representation, and the extent of his contact and communications with Sinas over the years." (*Id*. at 4; ref. Doc. 308 at 3.) The Magistrate Judge found that a new deposition would likely be duplicative because State Farm admitted it already "questioned Barten at his deposition regarding his relationship with Sinas and the nature and extent of Sinas's representation of him." (Doc. 362 at 4; ref. Doc. 308 at 5.) State Farm asked Barten "during what period of time he understood Sinas was the attorney on his case" and Barten provided lengthy testimony about the relationship, including that he "knew that Sinas sent letters to State Farm requesting certain No-Fault benefits, . . . wage loss benefits, medical treatment, replacement services, a modified vehicle, and modifications to his parents' home." (*Id.*) The Magistrate Judge found that Barten already testified that he had only limited communication with Sinas because "the majority of this stuff was handled by [his] dad" and that he "did not consider [Sinas] [his] attorney at that time." (Doc. 362 at 4-5; ref. Doc. 308 at 7.) The Magistrate Judge concluded that there was nothing to suggest that another deposition would clarify the issue. (Doc. 362 at 5.)

The magistrate judge also found that State Farm had ample opportunity to obtain the information it seeks in a re-opened deposition: specifically, it knew of Sinas well before conducting Barten's deposition because it received a letter from Sinas about his representation of Barten in 1995, and it understood the significance of Sinas's involvement from the beginning, citing Sinas's representation of Barten as a defense. (Doc. 362 at 5; ref. Doc. 308 at 2, 3.) The magistrate judge concluded that State Farm is not entitled to reopen the deposition now because it chose to conduct the deposition before attempting other discovery.

1    Finally, the magistrate judge found that there is likely little benefit that would
2 result from a re-deposition because if as State Farm claims, the documents show that
3 Barten was lying, another deposition would do little to reveal the truth and State Farm
4 can use the evidence to impeach Barten. (Doc. 362 at 5.)

### C. Parties' Appeal and Response

State Farm appeals the Magistrate Judge's Order, arguing that the Order did not address the significance of the requested discovery or acknowledge the Court's statement, made in its July 1, 2014 Order regarding summary judgment, about re-opening the deposition. (Doc. 368 at 4; ref. Doc. 360, n.1.)

As to the second argument, State Farm refers to a footnote in the Order granting in part and denying in part State Farm's Motion for Summary Judgment. The footnote states:

> Defendant further argues that Plaintiff should not be permitted to use the attorney client privilege as a shield preventing Defendant from gathering information on what information Mr. Sinas knew regarding Plaintiff's eligibility for benefits and what information he imputed to Plaintiff and also as a sword claiming that Mr. Sinas' representation of Plaintiff was minimal and Plaintiff was never provided with any information about the benefits available to him by Mr. Sinas. This issue is not before this Court. There is presently a motion pending before Magistrate Judge Bowman, requesting a further deposition of Plaintiff specifically related to his representation by Mr. Sinas and the extent of information related to his benefits that was imputed to Plaintiff by Mr.Sinas.

(Doc. 360 at 15, n.1; ref. Doc. 308). In the appeal, State Farm argues that it "understands this Court's footnote to suggest that the issues of Barten's representation by Sinas, Barten's knowledge of his benefits based on communications with Sinas, and whether Barten should be estopped or otherwise precluded from denying his knowledge of PIP benefits or the imputation to him of Mr. Sinas's knowledge are appropriate and necessary subjects of a continued deposition of Barten." (Doc. 368 at 4.)

State Farm further contends that it is not known whether Barten would continue to invoke the attorney-client privilege and refuse to reveal anything about the contents of his

communications with Sinas and that Barten should have to choose whether to assert the privilege and remain silent about whether he knew or did not know about the availability of statutory PIP benefits or to waive the privilege, make full disclosure of the communications, and then be deposed on them. (*Id.* 4-5, citing *State Farm Mut. Auto Ins. Co. v. Lee*, 13 P.3d 1169 (Ariz. 2000).) State Farm claims that it is not merely seeking to attack Barten's credibility or lay a foundation for admission of documents at trial, as the Magistrate Judge concluded; it now argues that the information is also relevant to a pretrial motion *in limine* to prevent Barten from using his purported ignorance of his legal rights as a sword while also using the attorney-client privilege as a shield against testing his claimed ignorance. (*Id*. at 7.) State Farm also argues that it prudently deposed Barten early in discovery and although it examined him about his relationship with Sinas, State Farm had no reason to believe Barten would deny representation in a way that would compel it to pursue a subpoena enforcement action. (*Id.* at 6.)

Plaintiff contends, among other arguments, that *Lee* and similar cases are inapplicable to the facts of this case. (Doc. 379 at 4-6.)

**D.     Analysis**

A district court may refer a pretrial matter to a magistrate to "hear and determine," and may review the magistrate's order "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A) (1988); *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1041 (9th Cir. 2010) (upholding magistrate judge's findings of fact as neither clearly erroneous nor contrary to law).

Absent a showing of "good need," such as "long passage of time with new evidence or new theories added to the complaint," a court generally will not order a re-opening of a deposition. *Dixon v. Certaineed Corp.*, 164 F.R.D 685, 690 (D. Kan. 1996). The court will not find good need if it determines that one of the Rule 26(b)(2)(C) factors applies. The Magistrate Judge's Order shows that she considered the factors set forth in Fed. R. Civ. P. Rule 26(b)(2)(C) regarding cumulative or duplicative testimony, State

Farm's ability to obtain the information, and the likely benefit of the additional proposed discovery.

First, the Court disagrees with State Farm's characterization of the footnote in the Court's prior Order as meaning that a further deposition of Barten is appropriate and necessary. The footnote merely noted the fact of the pending motion. In addition, in its Motion for Leave to Reopen Barten's deposition, State Farm never referred to the sword-and-shield argument it now makes in its appeal; rather, State Farm repeatedly referred to Barten's allegedly "untruthful assertions regarding the scope of Sinas's representation," false testimony that he was unaware of what Sinas was doing for him, and false testimony about his recent interactions with Sinas. (Doc. 308 at 10, 11, 12.) State Farm argued that the reopened deposition would be for the purpose of questioning Barten about the real scope of Sinas's representation and the extent of their contact and communications over the years. (*Id.* at 13.)

As the magistrate judge noted, inconsistent or contradictory testimony is not enough to justify re-opening a deposition. *See Bookhammer v. Sunbeam Products, Inc*., 2012 WL 5188302 (N.D. Cal. Oct. 19, 2012) (a new deposition was not warranted despite new documents demonstrating that the deponent committed perjury where she knew about and denied the decedent's drug use and neglect of her children). The Magistrate Judge found that Barten had been extensively questioned about these matters and that the new information could be used to impeach him at trial. Because State Farm has extensively deposed Barten on the scope of representation by Sinas and Barten can be impeached at trial, the Court finds that the magistrate judge would have reached the same conclusion even if the arguments belatedly raised on appeal had been brought to her attention. It is unclear why the information is necessary for a *motion in limine*; it appears to the Court that State Farm can move to preclude testimony based on the evidence it has.

State Farm also argues that it was prudent to depose Barten early in the litigation and could not have anticipated his response to questions regarding representation by Sinas. The Court is unpersuaded by this argument. The record shows that Plaintiff filed

his action in Pima County Superior Court on April 13, 2012, and State Farm removed the case to the District Court of Arizona on May 22, 2012. (Doc. 1.) A scheduling conference was held on August 29, 2012 and initial disclosures were served on September 4 and 5, 2012. (Docs. 18-20.) Barten's deposition was noticed on October 26, 2012, and taken on or about November 7, 2012. (Doc. 29.) State Farm filed a notice of Non-party at Fault, pursuant to Ariz. Rev. Stat. 12-2506(B) identifying George Sinas as the non-party at fault the same day it noticed Barten's deposition. (Docs. 29, 30.) As the magistrate judge noted, State Farm was aware of George Sinas before the deposition because Sinas had contacted State Farm in 1995 and Plaintiff sent a letter to State Farm in 2006, copying Sinas as his attorney.

Finally, the Court agrees with the magistrate judge's conclusion that a further deposition would do little to uncover the truth, and, as noted, it does not appear to the Court to be necessary for any *motion in limine*.

The Court holds that the magistrate judge's Order denying the re-opening of Barten's deposition is not clearly erroneous or contrary to law.

**II.     Motion to Compel and Protective Order**

On July 22, 2014 Magistrate Judge Bowman issued an order directing State Farm to produce nearly 78,000 pages of "Michigan Auto ACE" documents, which State Farm agreed to produce under a protective order. (Doc. 367 at 2.) The remainder of Barten's request was denied as untimely. (*Id*. 2-3.) Barten filed a partial objection, complaining that the documents were produced subject to the protective order. (Doc. 369 at 2.) State Farm responds that intervening events—specifically the lifting of a similar protective order in *Onyesohu v. State Farm*, No. 13-135189-NI (Oakland Cnty. Mich. Cir. Ct.)—mean there is no continuing need for a protective order for the Michigan Auto ACE documents produced in this case and that State Farm will stipulate to amend the Fourth Amended Protective Order to remove the reference to such documents. (Doc. 378 at 2, Ex. A.) Barten filed no reply.

It appears the appeal of this matter is moot. In light of State Farm's agreement to amend the Fourth Amended Protective Order to remove the reference to such documents, the Magistrate Judge will be directed to modify the Protective Order.

Accordingly,

(1) The Appeal of the Magistrate Judge's Order (Doc. 368) is **denied**.

(2) The Appeal of the Magistrate Judge's Order (Doc. 367) is **denied as moot**.

(3) The Magistrate Judge is directed to modify the Fourth Amended Protective Order as indicated herein.

Dated this 22nd day of September, 2014.

_____
Cindy K. Jorgenson
United States District Judge