**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bryan Barten, a married man,<br><br>  Plaintiff,<br><br>vs.<br><br>State Farm Mutual Automobile Insurance Company, a foreign corporation doing business in Arizona,<br><br>  Defendant.<br>_____ | No. CIV 12-399-TUC-CKJ (LAB)<br><br>**ORDER** |

   Pending before the court is the defendant's motion for leave to depose Pamela Lauer, filed on October 21, 2014. (Doc. 423)

   The plaintiff in this action, Bryan Barten, was covered by a personal injury protection (PIP) policy issued by the defendant, State Farm, when he was involved in an automobile accident and rendered a quadriplegic. Barten claims State Farm breached this policy by failing to pay benefits due and failing to inform him of the extent of his benefits.

   In the pending motion, State Farm moves that this court extend the discovery deadline to permit it to conduct a deposition of Nurse Practitioner Pamela E. Lauer. (Doc. 423) Barten filed a response opposing the motion. (Doc. 458)

   The case has been referred to Magistrate Judge Bowman for all pretrial matters pursuant to the local Rules of Practice. LRCiv 72.2. The court finds the motion suitable for decision without oral argument.

Discussion

This case was removed from state court on May 22, 2012. (Doc. 1) On August 29, 2012, this court issued a scheduling order pursuant to Fed.R.Civ.P. 16(b). (Doc. 18) In that order, the deadline for completing discovery was set for March 29, 2013. (Doc. 18)

Since the close of discovery, the court has resolved three motions for summary judgment. (Doc. 108); (Doc. 186); (Doc. 188); (Doc. 348); (Doc. 360) And the parties have filed their proposed pretrial order. (Doc. 406)

On October 21, 2014, State Farm filed the pending motion for leave to extend the discovery deadline and depose Pamela Lauer, R.N. (Doc. 423) Lauer works at Craig Hospital in Englewood, Colorado, "a world-renowned facility in the Denver area for the treatment and rehabilitation of spinal-cord injuries." (Doc. 423, p. 2) In February of 2014, approximately ten months after the close of discovery, Barten was examined at Craig Hospital at the behest of his treating physiatrist. *Id.* According to the "Team Conference report" authored by Lauer, Barten "should have 3 hours of skilled care in the morning 7 days per week and also receive 3 hours of unskilled care in the evening 7 days per week." *Id.* This evaluation contrasts with Barten's assertion that he needs sixteen hours per day of attendant care. Because the amount of attendant care that Barten needs is at issue in this case, State Farm moves that the discovery deadline be extended to allow it to depose Lauer.

Barten sent State Farm the Team Conference report on February 28, 2014, identifying Lauer as the author of the report. (Doc. 423, p. 2) On October 21, 2014, State Farm filed the pending motion for leave to depose Pamela Lauer. State Farm's motion in essence asks this court to modify the Rule 16 scheduling order, which governs the parties' pretrial discovery practice. (Doc. 18)

"In general, the pretrial scheduling order can only be modified upon a showing of good cause." *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (punctuation modified); *see also* Fed.R.Civ.P. 16(b)(4). The determination of good

- 2 -

1  cause ordinarily turns on the movant's diligence.  "If the party seeking the modification was
2  not diligent, the inquiry should end and the motion to modify should not be granted." *Id*.

3  On this record, the court cannot conclude that State Farm has been diligent.  The
4  motion does not explain why it took State Farm approximately eight months since it received
5  Lauer's report in February to file its motion.  In fact, it appears that State Farm did not
6  become interested in the report until August 25, 2014, when Barten identified Lauer as a
7  possible witness.  (Doc. 423, p. 3)

8  Because the discovery deadline had already run when the report was disclosed, State
9  Farm cannot be faulted for failing to conduct the deposition in accordance with the original
10 scheduling order.  State Farm's delay, however, will prejudice the plaintiff if the motion is
11 granted.  The parties have already filed their proposed pretrial order, listed their witnesses
12 and exhibits, and filed their motions in limine.  (Doc. 406)  Any discovery at this late date
13 would require the parties to revisit work that has been done already. *See Johnson v.*
14 *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("[T]he existence or degree
15 of prejudice to the party opposing the modification might supply additional reasons to deny
16 a motion . . . .").  The discovery deadline in this case passed 19 months ago.  The case should
17 proceed without further delay.

18 Moreover, State Farm fails to suggest a compelling need for this discovery. *See*
19 Fed.R.Civ.P. 26(b)(2)(C).  It is true that the amount of attendant care that Barten needs is at
20 issue in this case.  State Farm, however, has already noticed two expert witnesses who will
21 testify on this issue.  (Doc. 406, pp. 18-19)  It therefore appears that the proposed discovery
22 would be cumulative.

23 State Farm suggests that Craig Hospital is a "world renowned" center for the treatment
24 of spinal-cord injuries and implies that this report is entitled to special deference.  (Doc. 423,
25 p. 2)  Assuming that is so, State Farm does not explain why it could not have arranged for
26 this examination to have occurred before the discovery deadline.

State Farm further states that the Craig Hospital report is particularly significant because Barten's condition has "deteriorated." (Doc. 423, p. 5) If so, then it would seem that the *plaintiff*, not State Farm, would be prejudiced if continued discovery were not allowed. If Barten's condition has deteriorated, he would need more care in the future and his future medical expenses would be higher. Accordingly,

IT IS ORDERED that the defendant's motion for leave to depose Pamela Lauer, filed on October 21, 2014, is DENIED. (Doc. 423)

DATED this 21st day of November, 2014.

_Leslie A. Bowman_
Leslie A. Bowman
United States Magistrate Judge